CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 16 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DERRICK JEROME HAWTHORNE,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:16-cv-00282 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| BARKSDALE,<br>    Defendant. | ) <br> ) <br> ) | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Derrick Jerome Hawthorne, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming Warden Barksdale of the Red Onion State Prison ("ROSP") as the sole defendant. The complaint and a motion to amend the complaint is before me for screening pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I deny the motion to amend and dismiss the complaint as frivolous.

### I.

Plaintiff complains that he must expose his genitals five times a week during strip searches, which he alleges violates his religious beliefs and causes "irreparable physical and mental anguish or immediate and imminent harm to my mind, body, [and] soul." Plaintiff further believes that he is being "telepathical[l]y . . . forced to support homosexuality, bisexuality, and masturbating . . . . in and around sorcerers and sorceress . . . trying to induce a heart attack on [him.]" Plaintiff asks that he be checked with a metal detector and be allowed to proceed to ROSP's inmate showers and any other appointments fully clothed for his "honor."

### II.

In his motion to amend, Plaintiff seeks to join defendants and claims unrelated to the complaint. The proposed defendants must have a right to relief asserted against them, "arising out of the same transaction, occurrence, or series of transactions or occurrences[,]" and the

claims must share some "question of law or fact common to" all defendants. Fed. R. Civ. P. 20(a)(2); see, e.g., Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). Because the amendment attempts to join unrelated claims and defendants, the motion to amend is denied.

### III.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff does not allege any person involvement by Warden Barksdale. Because there is no allegations whatsoever of any wrongdoing on the part of Warden Barksdale, the complaint can be read only as asserting liability under respondeat superior. However, seeking relief via respondeat superior in an § 1983 action pursues an indisputably meritless legal theory for relief. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Accordingly, the complaint is dismissed as frivolous.

## IV.

For the foregoing reasons, I deny the motion to amend and dismiss the complaint as frivolous.

**ENTER**: This 16th day of August, 2016.

*Jackson L. Kiser*
Senior United States District Judge

3